IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYLON D. JONES,

                      Petitioner,

v.

LIZZIE TEGELS,

                      Respondent.

OPINION and ORDER

24-cv-734-jdp

---

Petitioner Waylon D. Jones, proceeding without counsel, seeks relief under 28 U.S.C. § 2254 following his convictions for battery, second-degree sexual assault by use of force, disorderly conduct, misdemeanor bail jumping, and taking a vehicle without the owner's consent in Ashland County Case No. 2012CF137. (A jury found Jones guilty of the first four counts, and he entered a no-contest plea to taking a vehicle without the owner's consent.) Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Jones isn't entitled to relief. I may take judicial notice of records in Jones's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). It plainly appears that the petition is untimely, so I will order Jones to show cause why I should not dismiss the petition on that ground.

BACKGROUND

The background is mostly drawn from the state court of appeals' decision affirming Jones's convictions and motions for postconviction relief. *State v. Jones*, 2017 WI App 50 (per curiam) (table).

The charges against Jones arose from events that occurred during the week of October 20–27, 2012. *Id.* ¶ 2. At that time, Jones, his then-girlfriend N.R., and their two children were staying with Fred Pero and Shatilla Crockett. *Id.*

The state alleged that Jones physically abused N.R. and sexually assaulted her while threatening her with a knife. *Id.* A first trial ended in mistrial. *Id.* At the second trial, N.R. testified that Jones physically abused her daily, hitting her in the back of the head and choking her "on occasion." *Id.* N.R. also testified that during a nighttime walk in a nearby park, Jones became violent because he thought that N.R. was cheating on him. *Id.* According to N.R., Jones placed his fingers inside her vagina to check to see if she had had sex, and then he held a knife to her neck and had sexual intercourse with her. *Id.*

At trial, defense counsel Nathan Cockerham focused on impeaching N.R.'s credibility through inconsistent statements and evidence that N.R. had recanted the sexual assault allegations and some of the domestic abuse allegations. *Id.* ¶ 3. Jones's theory of defense was that the sexual contact was consensual and that N.R. was fabricating the domestic violence allegations to stop Jones from seeing their children and to punish him for his infidelity. *Id.*

The jury found Jones guilty. The circuit court imposed a sentence of eight years' initial confinement and five years' extended supervision.

Jones's postconviction motions for a new trial were denied after a hearing under *State v. Machner*, 92 Wis. 2d 797 (1979), at which he was represented by Denis Schertz. Schertz also represented Jones in the state court of appeals and the state supreme court, which summarily denied review on October 9, 2017. (Jones was released from prison in 2021, but his probation was revoked in 2023.)

2

Jones's petition is dated October 16, 2024. Jones designates five claims for relief, but he brings more than one claim under some of those headings. In all, I take Jones to raise 13 claims:

- Claim 1: The trial court erred by not allowing a tape recorded interview of N.R. into evidence. The interview showed that the state was coercing N.R. to provide unfavorable testimony.

- Claim 2: There was a conflict of interest because former Ashland County District Attorney Kelly McKnight (who wasn't the prosecuting attorney) had represented Jones when he was in private practice.

- Claim 3: Counsel failed to obtain phone records that would have shown that, contrary to the statements of Pero and Crockett, he didn't take a vehicle without Pero's consent.

- Claim 4: Officer Amy O'Donahue promised to give witness Katie Houle money and remove her warrants if Houle would write a statement saying that Jones had attempted to sexually assault Houle.

- Claim 5: O'Donahue pressured witness Marci Leoso to say that Jones had burned Leoso's daughter's fingers with a lighter.

- Claim 6: Cockerham should have asked for DNA testing on a knife because it would have shown that Jones didn't use the knife to steal Pero's truck or to sexually assault N.R.

- Claim 7: Cockerham should have impeached Pero with evidence showing that he filed an insurance claim after the truck went missing.

- Claim 8: Cockerham should have impeached N.R. with evidence showing that she was involved in a child custody dispute with Jones and that Jones had cheated on her with many women.

- Claim 9: Cockerham should have presented photographs showing that N.R.'s injuries were caused by a fight with Justina Flones.

- Claim 10: Software and AI spyware (including cameras that could read lips) were used to capture Jones's communications with Cockerham, which revealed his defense strategy to the state before the trial. This prosecutorial misconduct also discouraged Jones from testifying because, if he had disclosed his potential testimony to Cockerham, the state would have recorded it.

- Claim 11: The foreman in Jones's second trial was the former bailiff of Asland County Circuit Court, which showed bias.

- Claim 12: The prosecutor amended the information to add a charge after Jones declined to plead guilty.

- Claim 13: Cockerham should have highlighted N.R.'s inconsistent testimony about how may instances of abuse Pero and Crockett witnessed.

## ANALYSIS

A one-year statute of limitations applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). As relevant here, § 2254's one-year limitation period shall run from "the date on which the judgment became final by . . . the expiration of time seeking [direct review]." 28 U.S.C. § 2254(d)(1)(A). Jones didn't seek review in the U.S. Supreme Court after the state supreme court summarily denied review. Therefore, the time for Jones to seek direct review expired on

January 7, 2018, i.e., 90 days after the state supreme court denied review. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018). Jones filed his petition six years and ten months later, so it is clearly untimely.

Jones acknowledges that his petition is untimely, but he alleges that he "just recently" learned that he could bring a petition under § 2254. Dkt. 1 at 15. Jones explains that Schertz told him that there was "nothing left to do" after he brought the postconviction motions. *Id.* Jones adds that he lacks legal experience. *Id.* at 15–16.

A petitioner can potentially overcome a time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Jones bears the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Jones's vague allegations don't meet this standard, but I must give him notice and an opportunity to respond before dismissing the petition on my own motion. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006). So, I will give Jones 30 days to file a response to this order in which he explains I shouldn't dismiss the petition as untimely.

I will direct the clerk of court to seal the petition because Jones refers to N.R. by her real name. Jones must refer to N.R. by her initials in any future submission.

ORDER

IT IS ORDERED that:

1. Petitioner Waylon D. Jones may have until January 16, 2025, to file a response to this order, not to exceed five (5) pages, in which he explains why I should not dismiss the petition as untimely.

2. If petitioner doesn't respond by the deadline, I will dismiss the petition.

3. The petition, Dkt. 1, is to be sealed.

Entered December 16, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge